UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>MERIT STREET MEDIA, INC.[1]<br><br>Debtor. | § Chapter 11<br>§<br>§ Case No. 25-80156 (SWE)<br>§ |
| MERIT STREET MEDIA, INC.<br><br>Plaintiff,<br><br>v.<br><br>TRINITY BROADCASTING OF TEXAS, INC. and TCT MINISTRIES, INC.<br><br>Defendants. | §<br>§<br>§ Adversary No.: 25-08006-SWE<br>§ |

**DEFENDANT TCT MINISTRIES INC.'S ORIGINAL ANSWER
TO COUNT V OF DEBTOR'S ADVERSARY COMPLAINT
FOR DECLARATORY AND MONETARY RELIEF**

Pursuant to Section 3 of that *Order Severing Certain Relief Requested in Debtor's Adversary Complaint and Scheduling Certain Deadlines in Connection with the Preference Avoidance Claim in Debtor's Adversary Complaint* ("**Order**") [Docket No. 7], TCT Ministries, Inc. ("**TCT**"), by and through its undersigned counsel, hereby files this *Original Answer to Count V of Debtor's Adversary Complaint for Declaratory and Monetary Relief* [Docket No. 1] (the "**Complaint**"). In support of thereof, TCT respectfully submits as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 8990. The Debtor's mailing address is 5501 Alliance Gateway Fwy, Fort Worth, Texas 76177.

## ORIGINAL ANSWER

1. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 1-7 of the Complaint are not yet due, and TCT will answer or otherwise respond to such allegations when due in accordance with the applicable Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure (collectively, the "**Rules**").

2. TCT admits that Matthew Crouch and Frank Amedia were two (2) of the five (5) directors on CrossSeed, Inc.'s ("**CrossSeed**") Board of Directors and that CrossSeed made a $25,000,000.00 loan to Merit Street reflected in a September 2024 promissory note ("$25M Note"), but denies each and every remaining allegation contained in paragraph 8 of the Complaint.

3. TCT admits that CrossSeed assigned the $25M Note to TCT and that TCT perfected the security interest granted pursuant to the $25M Note on May 27, 2025, but the remaining allegations contained in paragraph 9 of the Complaint are legal conclusions that TCT is not required to admit or deny. To the extent a response is required, TCT denies the remaining allegations of Paragraph 9 of the Complaint.

4. The first sentence of Paragraph 10 of the Complaint is a legal conclusion that TCT is not required to admit or deny. To the extent a response is required, TCT denies the allegations contained in the first sentence of Paragraph 10 of the Complaint. TCT denies the remaining allegations contained in paragraph 10 of the Complaint.

## JURISDICTION

5. The allegations of Paragraph 11 of the Complaint are a legal conclusion that TCT is not required to admit or deny. To the extent a response is required, TCT admits, upon information and belief, the allegations of Paragraph 11 of the Complaint.

6. The allegations of Paragraph 12 of the Complaint are a legal conclusion that TCT

is not required to admit or deny. To the extent a response is required, TCT admits, upon information and belief, the allegations of Paragraph 12 of the Complaint.

7. The allegations of Paragraph 13 of the Complaint are a legal conclusion that TCT is not required to admit or deny.

## PARTIES

8. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 14-17 of the Complaint are not yet due, and TCT will answer or otherwise respond to such allegations when due in accordance with the applicable Rules.

9. TCT denies that "from the mid-1980s until 2007, TCT was an affiliate of TBN," and admits the remaining allegations contained in paragraph 18 of the Complaint.

## BACKGROUND

10. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 19-52 of the Complaint are not yet due, and TCT will answer or otherwise respond to such allegations when due in accordance with the applicable Rules.

11. TCT admits that in September 2024 CrossSeed issued the $25M Note, admits that CrossSeed was a Texas non-profit corporation, denies that CrossSeed is "closely connected to TBN," and avers that the $25M Note speaks for itself, and therefore, TCT denies the remaining characterizations and allegations contained in paragraph 53 of the Complaint.

12. TCT admits that on March 5, 2025, CrossSeed assigned the note to TCT and that TCT filed a U.C.C. Financing Statement as a secured party on May 27, 2025, but TCT denies the remaining allegations contained in paragraph 54 of the Complaint.

13. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 55-64 of the Complaint are not yet due, and TCT will answer

or otherwise respond to such allegations when due in accordance with the applicable Rules.

## COUNT I
### (Breach of Contract ("Joint Venture Agreement") Against TBN)

14. TCT incorporates the responses set forth in the paragraphs 1-13 above as if set forth in full below.

15. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 66-70 of the Complaint are not yet due, and TCT will answer or otherwise respond to such allegations when due in accordance with the applicable Rules.

## COUNT II
### (Breach of Covenant Of Good Faith And Fair Dealing (Joint Venture Agreement) Against TBN) (In the Alternative)

16. TCT incorporates the responses set forth in the paragraphs 1-13 above as if set forth in full below.

17. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 72-76 of the Complaint are not yet due, and TCT will answer or otherwise respond to such allegations when due in accordance with the applicable Rules.

## COUNT III
### (Breach of Contract (December 2024 Agreement) Against TBN)

18. TCT incorporates the responses set forth in the paragraphs 1-13 above as if set forth in full below.

19. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 78-81 of the Complaint are not yet due, and TCT will answer or otherwise respond to such allegations when due in accordance with the applicable Rules.

## COUNT IV
### (Breach of Fiduciary Duty Against TBN)

20. TCT incorporates the responses set forth in the paragraphs 1-13 above as if set forth

in full below.

21. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 83-85 of the Complaint are not yet due, and TCT will answer or otherwise respond to such allegations when due in accordance with the applicable Rules.

## COUNT V
**(Declaratory Judgment For Preference Avoidance Regarding CrossSeed Convertible Note Under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57 Against TCT)**

22. TCT incorporates the responses set forth in the paragraphs 1-13 as if set forth in full below.

23. The allegations of Paragraph 87 of the Complaint are legal conclusions that TCT is not required to admit or deny.

24. TCT admits the allegations contained in paragraph 89 of the Complaint.

25. TCT admits the allegations contained in paragraph 90 of the Complaint.

26. TCT admits the allegations contained in paragraph 91 of the Complaint.

27. TCT admits TCT is a secured party and filed a UCC-1 Financing Statement with the Texas Secretary of State on May 27, 2025 as alleged in the first sentence of Paragraph 91 of the Complaint. The remaining allegations in the first sentence of Paragraph 91 of the Complaint are legal conclusions that TCT is not required to admit or deny. The Financing Statement speaks for itself, and TCT denies the allegations contained in the second sentence of Paragraph 91 of the Complaint.

28. The allegations of Paragraph 92 of the Complaint are legal conclusions that TCT is not required to admit or deny.

29. The allegations of Paragraph 93 of the Complaint are legal conclusions that TCT is not required to admit or deny. To the extent a response is required, TCT denies that Debtor is

entitled to the requested relief.

30. The allegations of Paragraph 94 of the Complaint are legal conclusions that TCT is not required to admit or deny. To the extent a response is required, TCT denies that Debtor is entitled to the requested relief.

31. The allegations of Paragraph 95 of the Complaint are legal conclusions that Defendants are not required to admit or deny. To the extent a response is required, TCT denies that Debtor is entitled to the requested relief.

## COUNT VI
### (Declaratory Judgment for Equitable Subordination of the under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57 Against TBN and TCT)

32. TCT incorporates the responses set forth in the paragraphs 1-13 above as if set forth in full below.

33. Pursuant to Section 3 of the Order, TCT's answer or other response to the allegations contained in Paragraphs 97-102 of the Complaint are not yet due, and TCT will answer or otherwise respond to such allegations when due in accordance with the applicable Rules.

34. All allegations not heretofore admitted or denied are denied.

35. TCT denies Plaintiff is entitled to any relief against it.

## PRAYER FOR RELIEF

This paragraph of the Complaint and its subparts contain neither factual nor legal allegations that require a response. To the extent a response is required, TCT denies that Plaintiff is entitled to any of the relief sought in this paragraph of the Complaint, including its subparts.

## AFFIRMATIVE DEFENSES

36. Pursuant to Section 2 of the Order, TCT's affirmative or other defenses available under 11 U.S.C. § 547(c) are reserved for determination at a later date and TCT need not set forth

or assert any such affirmative or other defenses here. TCT reserves the right to raise any and all such affirmative or other defenses when due in accordance with the applicable Rules.

37. TCT reserves the right to assert any and all additional affirmative defenses to any one or more of the claims, as applicable. TCT does not waive any affirmative defenses, and any such amendments, additions or supplemental affirmative defenses asserted by TCT to Merit Street's claims shall relate back to the date of these originally asserted affirmative defenses.

## CONCLUSION

38. TCT requests that Merit Street take nothing on its claims and award TCT such other and further relief to which it is entitled.

*[Signature page to follow]*

| | |
|---|---|
| Dated: July 10, 2025 | Respectfully submitted by:<br><br>*/s/ Steven C. Lockhart*<br>Holland N. O'Neil (TX 14864700)<br>Robert T. Slovak (TX 24013523)<br>Steven C. Lockhart (TX24036981)<br>Mark C. Moore (TX 24074751)<br>Stephanie L. McPhail (TX 24104104)<br>**FOLEY & LARDNER LLP**<br>2021 McKinney Avenue, Suite 1600<br>Dallas, TX 75201<br>Telephone: (214) 999-3000<br>Facsimile: (214) 999-4667<br>honeil@foley.com<br>rslovak@foley.com<br>slockhart@foley.com<br>mmoore@foley.com<br>smcphail@foley.com<br><br>-and-<br><br>Rajiv Dharnidharka<br>(*pro hac vice* pending)<br>**FOLEY & LARDNER LLP**<br>555 California Steet, Suite 1700<br>San Francisco, CA 94104<br>Telephone: (415) 434-4484<br>Facsimile: (415) 434-4507<br>Rajiv.dharnidharka@foley.com<br><br>**ATTORNEYS FOR DEFENDANT TCT MINISTRIES, INC.** |

## **CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be filed on July 10, 2025, using the Court's CM/ECF System which caused it to be served upon those parties registered in the system to receive such service.

                                             */s/ Steven C. Lockhart*
                                             Steven C. Lockhart