SIDLEY AUSTIN LLP
Thomas R. Califano (24122825)
Jeri Leigh Miller (24102176)
Parker G. Embry (24126826)
Chelsea McManus (24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
jeri.miller@sidley.com
parker.embry@sidley.com
cmcmanus@sidley.com

SIDLEY AUSTIN LLP
Stephen Hessler (*pro hac vice* pending)
Patrick Venter (*pro hac vice* pending)
Weiru Fang (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
pventer@sidley.com
weiru.fang@sidley.com

SIDLEY AUSTIN LLP
James W. Ducayet (*pro hac vice* pending)
Steven E. Sexton (*pro hac vice* pending)
Andrew F. Rodheim (*pro hac vice* pending)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: jducayet@sidley.com
ssexton@sidley.com
arodheim@sidley.com

*Proposed Attorneys for the Debtor
and Debtor in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>MERIT STREET MEDIA, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-80156 (SWE) |
| MERIT STREET MEDIA, INC.<br><br>Plaintiff,<br><br>v.<br><br>TRINITY BROADCASTING OF TEXAS, INC., AND TCT MINISTRIES, INC.<br><br>Defendants. | Adv. Proc. No. 25-08006 |

---

[1] The last four digits of the Debtor's federal tax identification number are 8990. The Debtor's mailing address is 5501 Alliance Gateway Fwy, Fort Worth, TX 76177.

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
FOR PREFERENCE AVOIDANCE AGAINST TCT MINISTRIES, INC.**

Merit Street Media, Inc., ("Merit Street") as debtor and debtor in possession in the above-captioned chapter 11 case, submits this memorandum of law in support of its motion for partial summary judgment (the "Motion") on its preference avoidance claim (Count V of its Adversary Complaint (Dkt. 1, the "Compl." ¶¶ 86–95) (the "Preference Avoidance Claim")). During the First Day Hearing on July 3, 2025, the Court (Chief Judge Jernigan) granted Merit Street's motion seeking expedited resolution of whether there is an avoidable preference under 11 U.S.C. § 547(b) while reserving the adjudication of the applicability of any defenses under 11 U.S.C. § 547(c) for a later date. *See* Dkt. 7 ¶ 2.

The Preference Avoidance Claim—which raises a pure issue of law based on undisputed facts—seeks a declaratory judgment that the transfer to TCT Ministries, Inc. ("TCT") of a security interest in a promissory note is an avoidable preference under 11 U.S.C. § 547(b) because it was perfected within 90 days of the filing of Merit Street's bankruptcy petition. In its Answer to the Preference Avoidance Claim (Dkt. 15, the "TCT Answer"), TCT admitted all relevant facts pertinent to this Motion, including the date that Merit Street issued the promissory note, the date the promissory note was assigned to TCT, and the date TCT perfected its security interest. The Court should thus grant Merit Street's Motion.

**STATEMENT OF RELEVANT UNDISPUTED FACTS**

**A.      Factual Background**

On September 9, 2024, Merit Street issued a convertible promissory note to CrossSeed, Inc. ("CrossSeed") in the amount of $25 million (the "Promissory Note"). Ex. A, App'x at 2; *see also* TCT Answer ¶ 11. The Promissory Note (i) granted to CrossSeed a security interest in all of Merit's personal property, instruments, accounts, money, deposit accounts, securities, and all other

investment property, contract rights or rights to the payment of money, insurance claims and proceeds, and all general intangibles, and (ii) authorized the holder of the CrossSeed Convertible Note to prepare and file a financing statement to perfect the holder's security interest. Ex. A, App'x at 2–3, § 4; *see also* TCT Answer ¶ 24 (admitting allegations in Compl. ¶ 89).

Several months later, on March 5, 2025, CrossSeed assigned the Promissory Note to TCT. Ex. B, App'x at 12–13; *see also* TCT Answer ¶¶ 12, 25 (admitting allegations in Compl. ¶ 90). Then, over two months after that, on May 27, 2025, TCT filed a U.C.C.-1 Financing Statement as a secured party with the Secretary of State of Texas. Ex. C, App'x at 15; *see also* TCT Answer ¶¶ 12, 26 (admitting allegations in Compl. ¶ 91). The U.C.C. Financing Statement purports to cover as collateral "[a]ll assets now owned or hereafter acquired by Debtor [Merit Street] or in which Debtor otherwise has rights and all proceeds thereof." Ex. C, App'x at 15. Less than ninety days later, Merit Street filed for bankruptcy.

### B. Procedural Background

On July 2, 2025 (the "Petition Date"), Merit Street filed a voluntary petition for relief under sections 101–1532 of the Bankruptcy Code in this Court. Dkt. 1, Voluntary Petition for Non-Individuals Filing for Bankruptcy, *In re: Merit St. Media, Inc.*, No. 25-80156 (SWE) (Bankr. N.D. Tex. July 2, 2025). The same day, Merit Street initiated this adversary proceeding against TCT. *See* Dkt. 1.[1] Merit Street also filed a motion to sever the Preference Avoidance Claim and to approve a schedule for resolving that claim on an expedited basis (the "Scheduling Motion"). *See* Dkt. 2.

---

[1] The Adversary Complaint also names as a defendant Trinity Broadcasting of Texas, Inc. ("TBN"), but TBN is not subject to the Preference Avoidance Claim.

On July 3, 2025, the Court held the First Day Hearing.  The Court granted the Scheduling Motion in part.  *See* Dkt. 7.  The Court severed "[t]he determination of whether there has been an avoidable preference under 11 U.S.C. § 547(b) as alleged in the Preference Avoidance Claim," and ordered an expedited schedule for its adjudication.  *Id.* ¶ 2.  The Court reserved for a later date the adjudication of the applicability of the 11 U.S.C. § 547(c) defenses.  *Id.*

On July 10, 2025, TCT answered the allegations of Merit Street's Adversary Complaint relating to the Preference Avoidance Claim.  Dkt. 15.  As relevant here, TCT admitted that Merit Street issued the Promissory Note on September 9, 2024, that CrossSeed assigned the Promissory Note to TCT on March 5, 2025, and that TCT perfected that security interest by filing a U.C.C.-1 Financing Statement on May 27, 2025.  *See* TCT Answer ¶¶ 11–12, 24–26.

## **SUMMARY JUDGMENT STANDARD**

Pursuant to Federal Rule of Civil Procedure 56, as adopted by Federal Rule of Bankruptcy Procedure 7056, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## **ARGUMENT**

As the Court observed at the First Day Hearing, "[a] preference is a very straightforward application of a statute."  Dkt. 47, July 3, 2025 Hearing on First Day Motions, Tr. at 70:12–13, *In re: Merit St. Media, Inc.*, No. 25-80156 (SWE).  Application of the statute is "mechanical"—based solely on "the timeline"—and "equities never play into it."  *Id.* at 70:20–25.  Under Section 547(b), "the trustee may ... avoid any transfer of an interest of the debtor in property," including a security interest, that was (1) "for the benefit of a creditor"; (2) "on account of an antecedent debt owed by the debtor before such transfer was made"; (3) "made while the debtor was insolvent"; (4) made within 90 days before the bankruptcy petition was filed; and (5) enabled the creditor to receive a

3

larger share of the estate than if "the transfer had not been made." 11 U.S.C. § 547(b). Each of these five elements is satisfied here.

*First*, the transfer of the security interest was for the benefit of TCT, who was seeking to perfect an interest in the Promissory Note. *See* 11 U.S.C. § 547(b)(1).

*Second*, the transfer of the security interest was made on account of the antecedent debt owed by Merit Street under the Promissory Note. *See* 11 U.S.C. § 547(b)(2); *see also In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) ("A debt is antecedent if it is incurred *before* the transfer.").

*Third*, the transfer of the security interest was made while Merit Street was insolvent. *See* 11 U.S.C. § 547(b)(3). As discussed below, the transfer of an interest to TCT is deemed to have occurred on the date of perfection, which was May 27, 2025. May 27, 2025 is within 90 days of the Petition Date. Therefore, Merit Street is presumed to have been insolvent at the time of the transfer. *See* 11 U.S.C. § 547(f) ("[T]he debtor is presumed to have been insolvent ... during the 90 days immediately preceding the date of the filing of the petition.").

*Fourth*, the transfer of the security interest to TCT was made within 90 days before the Petition was filed. *See* 11 U.S.C. § 547(b)(4)(A). Under 11 U.S.C. § 547(e)(2)(B), the transfer of an interest of the debtor in property—including the transfer of a security interest—is made "at the time such transfer is perfected," where the transfer is perfected more than 30 days after the transfer was made. *See In re Dickson*, 655 F.3d 585, 594 (6th Cir. 2011) ("[F]or purposes of § 547 of the Bankruptcy Code, a transfer is *deemed to have been made* at the time the transfer is perfected, if perfection takes place more than 30 days after its creation." (citation omitted)). Here, Merit Street issued the Promissory Note on September 9, 2024 (Ex. A, App'x at 2), CrossSeed assigned the Promissory Note to TCT on March 5, 2025 (Ex. B, App'x at 12–13), and TCT perfected that

4

security interest by filing a U.C.C.-1 Financing Statement on May 27, 2025 (Ex. C, App'x at 15). *See also* TCT Answer ¶¶ 11–12, 24–26.  Accordingly, the perfection of the security interest was more than 30 days after it was created, so it is deemed to have occurred on the date of perfection, May 27, 2025.  *See* 11 U.S.C. § 547(e)(2).

Debtor filed the Petition on July 2, 2025, which was thirty-six days following the May 27, 2025 transfer.  Accordingly, the transfer is within the Debtor's preference period.  *See In re Boyd*, 2012 WL 5199141, at *7 (Bankr. W.D. Tex. Oct. 22, 2012) ("[E]xcept in limited circumstances, the trustee of a bankruptcy estate 'may avoid any transfer of an interest of the debtor in property' that is made 'on or within 90 days before the date of the filing of the petition.'" (quoting 11 U.S.C. § 547(b)).

*Fifth*, the transfer of the security interest to TCT would enable TCT to receive a larger share of the estate than if the transfer had not been made.  *See* 11 U.S.C. § 547(b)(5)(B).  Absent the transfer, TCT would be treated as a general unsecured creditor and forced to share pro rata in the proceeds from the Debtor's chapter 11 process.

## **CONCLUSION**

Each of the Section 547(b) elements are satisfied as a matter of law based on the undisputed facts.  *See* Dkt. 47, Hearing on First Day Motions, Tr. at 82:12–13, *In re: Merit St. Media, Inc.*, No. 25-80156 (SWE) (the Court observing that "[i]t looks like a slam-dunk preference").  The Court should grant Merit Street's Motion and issue an Order declaring that the transfer of the security interest to TCT is an avoidable preference, with such transfer preserved for the benefit of the estate, subject to a later adjudication of any defenses under Section 547(c).  *See* 11 U.S.C. § 551 (preserving for the benefit of the estate any transfer avoided under section 547 of the Bankruptcy Code).

Dated: July 14, 2025
Dallas, Texas

*/s/ Jeri Leigh Miller*
**SIDLEY AUSTIN LLP**
Thomas R. Califano (24122825)
Jeri Leigh Miller (24102176)
Parker G. Embry (24126826)
Chelsea McManus (24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: tom.califano@sidley.com
jeri.miller@sidley.com
parker.embry@sidley.com
cmcmanus@sidley.com

*and*

James W. Ducayet (*pro hac vice* pending)
Steven E. Sexton (*pro hac vice* pending)
Andrew F. Rodheim (*pro hac vice* pending)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: jducayet@sidley.com
ssexton@sidley.com
arodheim@sidley.com

*and*

Stephen Hessler (*pro hac vice* pending)
Patrick Venter (*pro hac vice* pending)
Weiru Fang (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
pventer@sidley.com
weiru.fang@sidley.com

*Proposed Attorneys for the Debtor
and Debtor in Possession*

## Certificate of Service

I certify that on July 14, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Jeri Leigh Miller*
Jeri Leigh Miller